**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MALCOLM K.H. LEE, Sr., | No. 10-15406 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00032-SOM-KSC |
| v. | |
| STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY; DOE INDIVIDUALS, 1-10; DOE ENTITIES, 1-10, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted October 13, 2011
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

Malcolm K.H. Lee, Sr., contends that the Hawaii Department of Public

Safety retaliated against him in violation of the First Amendment and Title VII of

the Civil Rights Act of 1964. To prevail on a First Amendment retaliation claim, a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

plaintiff must show that his protected speech was a "substantial or motivating factor" in an adverse employment action taken against him. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (internal quotation marks omitted). Similarly, to prevail on a Title VII retaliation claim, a plaintiff must show "a causal link between [his] protected activity and [an] adverse employment action" taken against him. *Davis v. Team Electric Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008). We agree with the district court that Lee presented insufficient evidence to create a genuine issue of material fact as to whether his speech was a substantial or motivating factor in, or had a causal link to, any adverse employment action that may have been taken against him.

AFFIRMED.